### JOHN BROMLEY & SONS v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. February 28, 1907.)

#### No. 37.

**1. CUSTOMS DUTIES—CLASSIFICATION—FINISHED CASTINGS.**

The term "castings," in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 148, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1640], does not include articles which have been advanced in condition by work bestowed on them after they were cast.

[Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison v. United States, 18 C. C. A. 545.]

**2. SAME—APPEALS—FURTHER EVIDENCE.**

Importers should present to the Board of General Appraisers all the evidence which they can produce, and on appeal to the Circuit Court little weight should be given additional cumulative evidence which could easily have been laid before the Board.

On Application for Review of a Decision of the Board of United States General Appraisers.

In the decision below, the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of Philadelphia.

Hatch, Keener & Clute (Walter F. Welch, of counsel), for importers.

Jasper Yeates Brinton, Asst. U. S. Atty.

HOLLAND, District Judge. The castings in question were assessed with a duty by the collector of this port under paragraph 193 of the Tariff Act of 1897 (Act July 24, 1897, c. 11, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]). The importer claimed they were dutiable as castings under paragraph 148 (30 Stat. 163, c. 11, Schedule C [U. S. Comp. St. 1901, p. 1640]). The Board of General Appraisers sustained the collector.

On February 14, 1905, the appraiser reported as to this importation as follows:

"I beg to state that the goods are parts of lace curtain machines, drilled, bored, planed, fitted and finished beyond the condition of castings and were properly returned for classification with and as part of the machines of which they form integral parts, and in the values of which their values are included."

Paragraph 193, referred to, is as follows:

"Articles or wares not provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum

or other metal, and whether partly or wholly manufactured, 45 per. centum ad valorem."

Paragraph 148, under which the importer claims the importation should be classified, is as follows:

"Cast iron vessels; plates, stove plates and irons, sad irons, tailors' irons, hatters' irons, and castings of iron not specially provided for in this act, eight-tenths of one cent per pound."

The evidence in this case shows that the importation is an "article * * * composed wholly * * * of iron partly * * * manufactured," within the meaning of paragraph 193, as they are parts of the lace curtain machines finished for use in the erection of these machines in the mill.

The decision of the Board of General Appraisers, rendered October 11, 1905, included the following finding:

"We find from the testimony of the importer's witnesses that the articles are of cast iron, and that, after they were cast, holes were drilled in them, and they were to some extent chiseled to fit them for the machines into which they were to be incorporated. The question thus presented for our consideration has been many times decided adversely to the contention of the importers. Note G. A. 1,410 (T. D. 12,814) and G. A. 5,397 (T. D. 24,604). On motion of the counsel for the government, the testimony taken in the case passed on in G. A. 6,070 (T. D. 26,478) was made a part of the record in the present case, and it is to the effect that the word 'castings' in the trade does not include articles made by the casting process which have been advanced in condition by work bestowed on them after they were cast."

The evidence submitted to the Board sustains this finding.

The testimony taken before Byron S. Waite, United States General Appraiser, before whom the matter was referred by the court to take further testimony, as provided under section 15 of the customs administrative act of June 10, 1890 (chapter 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933]) is simply cumulative and entirely to the same facts upon which evidence. was taken before the Appraiser and the Board of United States General Appraisers. There is nothing in the testimony different from that already before the Board.

It was intended that the customs administrative act should provide the importer with a convenient and expeditious method of disposing of his controversies in the payment of duties on importations, and the Board of General Appraisers is the tribunal before whom the importer is required to submit his case. All the evidence he may have and can produce should be laid before this tribunal for its consideration in determining the right in each particular controversy, and, upon an appeal to the Circuit Court, little weight should be given to additional cumulative evidence which could easily have been submitted to the Board of General Appraisers for its consideration.

The decision of the Board of General Appraisers is affirmed.